**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6457**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TRAVIS JENKINS, a/k/a TJ,

        Defendant - Appellant.

**No. 19-7206**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TRAVIS JENKINS, a/k/a TJ,

        Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:13-cr-00168-BO-1)

Submitted:  August 14, 2020             Decided:  August 19, 2020

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

Travis Jenkins, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In No. 19-6457, Travis Jenkins appeals the district court's order denying his (1) motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, (2) motion for discovery, (3) motion to compel his former attorney to return his case file, and (4) motion to seal certain documents. In No. 19-7206, Jenkins appeals the district court's order denying his motions for reconsideration of the district court's prior order. As for the first two motions, we have reviewed the record and find no reversible error. Accordingly, we affirm these portions of the orders for the reasons stated by the district court. *United States v. Jenkins*, No. 5:13-cr-00168-BO-1 (E.D.N.C. Mar. 19, 2019 & July 29, 2019). However, as for the motion to compel and motion to seal, we conclude that the district court erred in denying these motions and vacate these portions of the district court's orders.

First addressing the motion to compel, we review the denial of a motion to compel under an abuse-of-discretion standard. *See Horne v. WTVR, LLC*, 893 F.3d 201, 212 (4th Cir. 2018). Under North Carolina Rule of Professional Conduct 1.16(d), "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled." *See also United States v. Basham*, 789 F.3d 358, 388 (4th Cir. 2015) (reviewing legal authority requiring counsel to deliver client's file upon termination of representation). Thus, because Jenkins' former counsel should return the case file to Jenkins, we conclude that the district court misapprehended the applicable legal principles and abused its discretion in denying the motion to compel.

Turning to the motion to seal, while this appeal was pending, we recently set forth the relevant standard to apply and the interests to consider when addressing such motions. *See United States v. Doe*, 962 F.3d 139, 145-53 (4th Cir. 2020). The district court did not have the benefit of our decision in *Doe* when ruling on Jenkins' motion. Accordingly, we also vacate the portions of the district court's orders denying the motion to seal and remand for reconsideration in light of *Doe*.

We therefore affirm the district court's orders in part, vacate them in part, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*